UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARKIS RAMIREZ, et al., | No. 1:19-cv-01413-DAD-JLT |
| Plaintiffs, | |
| v. | ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS |
| CITY OF BAKERSFIELD, et al., | |
| Defendants. | (Doc. No. 8) |

On November 19, 2019, defendants City of Bakersfield, Isaac Aleman, and Ryan McWilliams (collectively "defendants") moved for a stay in this action. (Doc. No. 8.) Plaintiffs Anthony Markis Ramirez and Marinah Renae Segura (collectively, "plaintiffs"), who are represented by counsel in this action, have not opposed the pending motion, filed a statement of non-opposition, or otherwise communicated with the court regarding the pending motion. The court deems the motion suitable for decision without oral argument pursuant to Local Rule 230(g).[1]  Having considered the defendants' motion, and for the reasons stated below, the court will grant the motion to stay.

---

[1] The undersigned apologizes for the delay in the issuance of this order. This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district has reached crisis proportion. (*See* Doc. No. 16.) Unfortunately, that situation sometimes results in a submitted matter being overlooked for a period of time and that occurred with respect to this motion.

## BACKGROUND

In their complaint, plaintiffs allege as follows. On February 11, 2019 at approximately 4:30 p.m., plaintiffs were placed under surveillance by the Bakersfield Police Department for suspected involvement in a carjacking incident that had occurred earlier that day. (Doc. No. 1 ("Compl.") at ¶ 16.) Defendants McWilliams and Aleman, along with other Bakersfield Police Department detectives staged in the area, observed plaintiffs getting into a gray Mustang and ultimately rushed plaintiffs with firearms. (*Id.* at ¶ 17.) Plaintiff Ramirez sustained multiple gunshot wounds, rendering him paralyzed from his armpits down, resulting in him being confined to a wheelchair for the remainder of his life. (*Id.* at ¶ 19.) Both plaintiffs claim to have suffered extreme psychological distress and injury, including fear, trauma, anxiety, stress, depression, humiliation, and emotional distress as a result of this incident. (*Id.* at ¶ 20.)

On October 7, 2019, plaintiffs filed this action seeking damages stemming from the alleged excessive use of force in violation of their Fourth Amendment rights, municipal liability based upon alleged unconstitutional customs or policies, and causes of action brought under state law. (*Id.*) On November 19, 2019, defendants filed this motion to stay proceedings, arguing that in a criminal proceeding currently pending in the Kern County Superior Court plaintiffs are charged with assault with a deadly weapon other than a firearm and reckless evading of a peace officer based on the same events alleged in this complaint filed in this action. (Doc. No. 8; *see also* Doc. No. 8-2.) On January 10, 2020, defendants filed a statement noting plaintiffs' failure to respond to the pending motion and requesting this court grant the motion in its entirety without oral argument. (Doc. No. 13.)

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Stone v. INS*, 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (Breyer, J., dissenting) (quoting *Landis*, 299 U.S.

1  at 254)).  Deciding whether to grant a stay pending the outcome of other proceedings "calls for
2  the exercise of judgment, which must weigh competing interests and maintain an even balance."
3  *Landis*, 299 U.S. at 254–55.
4        The party seeking such a stay must "make out a clear case of hardship or inequity in being
5  required to go forward, if there is even a fair possibility that the stay for which he prays will work
6  damage to some one [sic] else."  *Id.* at 255.  In considering whether to grant a stay, this court
7  must weigh several factors, including "[1] the possible damage which may result from the
8  granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go
9  forward, and [3] the orderly course of justice measured in terms of the simplifying or
10 complicating of issues, proof, and questions of law which could be expected to result from a
11 stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).
12 A stay may be granted regardless of whether the separate proceedings are "judicial,
13 administrative, or arbitral in character, and does not require that the issues in such proceedings are
14 necessarily controlling of the action before the court."  *Leyva v. Certified Grocers of Cal., Ltd.*,
15 593 F.2d 857, 864 (9th Cir. 1979).

16 **DISCUSSION**

17       Defendants have moved to stay this action on the grounds that (1) the abstention doctrine
18 set forth in *Younger v. Harris*, 401 U.S. 37 (1971) applies to this case; and (2) a stay would
19 preserve defendants' right to bring a motion to bar plaintiffs' claims under the doctrine set forth
20 in *Heck v. Humphrey*, 512 U.S. 477 (1994).  (Doc. No. 8-1 at 3, 5.)  The court addresses each
21 argument in turn.

22 **A.**     ***Younger* Abstention**

23       "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of
24 equity, comity, and federalism."  *San Jose Silicon Valley Chamber of Commerce Political Action*
25 *Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008).  While "comity is the main
26 reason for federal court restraint in the face of ongoing state judicial proceedings, . . . another is to
27 avoid unwarranted determinations of federal constitutional law."  *Gilbertson v. Albright*, 381 F.3d
28 965, 975 (9th Cir. 2004).  Application of *Younger* abstention has four requirements:

3

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley*, 546 F.3d at 1092. "For *Younger* to apply, all four requirements must be 'strictly satisfied.'" *Barra v. City of Kerman*, No. 1:08-cv-01909-OWW-GSA, 2009 WL 1706451, at *5 (E.D. Cal. June 9, 2009) (citing *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)).

Here, the first and second *Younger* elements are met. At the time plaintiffs filed this action in federal court, plaintiffs were being prosecuted in the Kern County Superior Court.[2] Moreover, the second requirement is satisfied because courts have held that "[s]tate criminal proceedings implicate California's interest in prosecuting state criminal laws, free from federal interference." *Quesada v. City of Antioch*, No. C 08-1567 JL, 2008 WL 4104339, at *1 (N.D. Cal. Aug. 29, 2008) (citing *Peyton v. Burdick*, No. 1:07-cv-00453-LJO TAG, 2008 WL 1776450 (E.D. Cal. Apr. 18, 2008)).

The third *Younger* element is also met here because plaintiffs will have an opportunity to raise their federal constitutional issues in the state criminal proceeding. This prong "requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings," *Commc'ns Telesystems Int'l v. California Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999), and "[a] party opposing abstention 'has the burden of showing that state procedural law barred presentation of its claims.'" *Franklin v. City of Kingsburg*, No. 1:18-cv-0824 AWI SKO, 2020 WL 2793061, at *4 (E.D. Cal. May 29, 2020) (citing *Commc'ns Telesystems Int'l*, 196 F.3d at 1020).

---

[2] Pursuant to Federal Rule 201, courts "may take judicial notice of undisputed matters of public record, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.2001), including documents on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Accordingly, the court grants defendants' request for judicial notice of the Kern County Superior Court criminal dockets pertaining to plaintiffs' criminal proceedings. (Doc. No. 8-2 at 1; *see also id.* Ex. A; *id.* Ex. B.) Those dockets indicate that proceedings have been ongoing in that criminal case since March 7, 2019 and July 16, 2019. (*See* Doc. Nos. 8-2, Ex. A; *id.*, Ex. B.)

In the present case, plaintiffs have not met their burden of showing that their claims will be procedurally barred from raising their claims in the state criminal prosecution. Plaintiffs' two federal causes of action are rooted in an excessive force claim in violation of the Fourth Amendment. (Doc. No. 1 at 7–10.) Defendants contend that because plaintiffs are charged with assault with a deadly weapon other than a firearm and reckless evading of a peace officer, "[t]he issue of whether the force used by the Defendants in this case was reasonable will certainly be an issue in the criminal proceedings." (Doc. No. 8-1 at 5.) The court agrees. Plaintiffs will have an opportunity to raise their constitutional issues, particularly when defending themselves against the reckless evading of a peace officer charge.[3] *See Quesada*, 2008 WL 4104339, at *1 ("If the prosecutor of the Contra Costa County Superior Court provides evidence that these Plaintiffs resisted arrest, Plaintiffs can defend those criminal allegations by setting forth evidence that the officers unlawfully arrested them and/or used unreasonable or excessive force to effect those arrests.").

Finally, the fourth *Younger* element is also satisfied.[4] "[A]bstention to avoid concurrent, duplicative litigation is available in some very limited circumstances—in particular, when the requested relief in federal court is a declaratory judgment." *Roden*, 495 F.3d at 1151. While

---

[3] Defendants have provided minimal evidentiary support from which the court could reach this conclusion. The Kern County Superior Court criminal dockets simply reflect the charges that have been brought in that case and do not contain any identifying information that would allow the court to definitively deduce that the events alleged in this action also gave rise to the ongoing state proceedings. Some courts have found similar showings to be insufficient. *See Speer v. Cty. of San Bernardino*, No. EDCV 20-44 JGB (SPX), 2020 WL 3882940, at *3 (C.D. Cal. May 4, 2020) (finding that the provided state court proceeding's felony complaint and criminal docket—which included "a general recitation of the elements of the crime, and only note[d] the crime [was] alleged to have occurred on the same day as the officer-involved shooting"—insufficient for supporting a finding that the *Heck* bar applied). Here, the court infers by plaintiffs' lack of opposition to the pending motion that plaintiffs concede that the events alleged in this action also gave rise to the Kern County Superior Court proceedings. Should plaintiffs determine that this inference is misplaced, plaintiffs are encouraged to file a motion to reconsider this order.

[4] In their motion, defendants do not address the fourth *Younger* factor at all. The Ninth Circuit has stated: "As *Gilbertson* makes clear, while there are only three 'threshold elements' to application of *Younger*, there is a vital and indispensable fourth element: the policies behind the *Younger* doctrine must be implicated by the actions requested of the federal court." *Roden*, 495 F.3d at 1149.

*Younger* abstention most often applies to cases involving declaratory or injunctive relief, the Ninth Circuit has clarified that in some situations "a determination that the federal plaintiff's constitutional rights were violated [in an action for damages] would be just as intrusive as a declaratory judgment." *See Gilbertson*, 381 F.3d at 980–84 (applying *Younger* to a § 1983 action for damages in which plaintiff was challenging the constitutionality of a state proceeding).

In the present action, plaintiffs are seeking compensatory and punitive damages. (*See* Compl.)  Both the Fourth Amendment claim for the alleged excessive use of force before this court and the reckless evading of a peace officer claim brought against plaintiffs in the state criminal prosecution  require a determination of whether plaintiffs were attempting to flee. *Compare Graham v. Connor*, 490 U.S. 386, 396 (1989) (explaining that an excessive force determination requires assessing the circumstances, including "whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight") *with* Cal. Veh. Code § 2800.2 (requiring that the person "flee[] or attempt[] to elude a pursuing peace officer").").  If this court were to find in favor of plaintiffs in this civil action, that finding would have the practical effect of enjoining the state court criminal proceeding by providing plaintiffs' a defense to the reckless evading of a peace officer charge. *See Rivas v. California Highway Patrol*, No. CV 15-03001 MMM (MRWX), 2015 WL 4040596, at *6 (C.D. Cal. July 1, 2015) ("A court ruling that defendants violated the Fourth Amendment by detaining [plaintiff] unlawfully or using excessive force would affect the state court proceeding, in a practical manner, as if it had issue a declaration or injunction; this is because an unlawful detention or use of excessive force would operate as a defense to the misdemeanor charges under § 69.").

The court therefore concludes that *Younger* abstention is appropriate and supports the issuance of a stay in this action.

**B.    The *Heck* Bar**

In *Heck*, the Supreme Court held that

> when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed . . .. But if the district court determines that the plaintiff's action, even if successful, will not

> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486–87.  "*Heck* says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (internal citation and quotation mark omitted), *cert. denied*, 545 U.S. 1128 (2005).

Here, plaintiffs § 1983 claim is based on the same facts giving rise to their state criminal charges.  As stated above, a judgment in favor of the plaintiffs on the basis of Fourth Amendment excessive force would necessarily imply the invalidity of a conviction for reckless evading of a peace officer.  Ultimately, should plaintiffs be convicted of reckless evading of a peace officer in state court, their § 1983 claim before this court will be subject to the *Heck* bar.  *See Quesada*, 2008 WL 4104339, at *3.  Moreover, plaintiffs have not demonstrated that those criminal charges brought against them have been dismissed.  *Robinson v. Oakland Police Dep't*, No. C 09-05526 CW (PR), 2010 WL 1572250, at *2 (N.D. Cal. Apr. 20, 2010) ("Because Plaintiff was involved in ongoing state criminal proceedings when he filed these actions and has not informed the Court since that charges against him have been dismissed or that any resulting conviction has been overturned or invalidated by a state tribunal, these actions must be dismissed.").

Accordingly, this action should also be stayed in order to preserve defendants' right to bring a motion to bar plaintiffs' claims in this civil rights action under *Heck*.

## CONCLUSION

In sum, the court finds that granting the stay will likely cause little harm to plaintiffs because they seek compensatory and punitive damages, as opposed to injunctive or declaratory relief.  This is balanced against the inequity defendants may suffer if their opportunity to raise the *Heck* bar is precluded by the continuance of these proceedings, or if a finding in favor of plaintiffs in this civil action has the practical effect of enjoining the state court proceeding in a way that *Younger* abstention disapproves.  *Accord CMAX, Inc.*, 300 F.2d at 268–69 ("The relief which it seeks in the district court action is money damages.  A delay in the trial will delay any such recovery. . . .  But this, in any event, would be the extent of its damage. . . .  No impressive

showing of irreparable damage or injustice having been made we are not inclined to judge the stay order with a critical eye.")  Moreover, because the federal and state actions arise from the same facts and there is overlap in factual issues to be decided, this action will likely be simplified by a stay.

For these reasons,

1. Defendants' motion to stay filed on November 19, 2019 (Doc. No. 8) is granted;
2. This action is stayed pending resolution of the underlying state court action; and
3. The parties are directed to inform the court when either a final judgment is entered in the underlying state court criminal action or in the event that case is dismissed.

IT IS SO ORDERED.

Dated:   **September 25, 2020**  
　　　　　　　　　　　　　　　　　　　　/s/ Dale A. Drozd  
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE